**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DANIEL BAIDEN, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| COMPELTE PAYMENT RECOVERY | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

DANIEL BAIDEN ("Plaintiff"), by his attorneys, Kimmel & Silverman, P.C., alleges the following against COMPLETE PAYMENT RECOVERY SERVICES ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Maryland Consumer Debt Collection Act, MD Code § 14-201 *et. seq.* ("MCDCA"), and Maryland common law.

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Supplemental jurisdiction of the United States District Courts, for the Maryland state law claims arise pursuant to 28 U.S.C. § 1367.

4.      Defendant conducts business in the State of Maryland and therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6.      Plaintiff is a natural person residing in Germantown, Maryland.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9.      Defendant COMPLETE PAYMENT RECOVERY SERVICES is a company specializing in debt collection with its principal place of business located at 11601 Roosevelt Boulevard, St. Petersburg, FL 33716.

10.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6); and is a "collector" as the term is defined by MD Code § 14-201(b).

11.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12.      At all relevant times, Defendant was acting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

13.     Plaintiff has no business debt, and therefore is certain that the alleged debt arose out of transactions which were primarily for personal, family, or household purposes.

14.     Throughout July 2012, Defendant's collectors made repeated harassing telephone calls to Plaintiff's home telephone regarding the alleged debt.

15.     Defendant's calls originated from telephone numbers including, but not limited to, (205) 752-7762.  The undersigned has confirmed that this number belongs to Defendant.

16.     Defendant called Plaintiff almost every day during this time period.

17.     Defendant's collectors contacted Plaintiff approximately three (3) to four (4) times a day.

18.     On occasion, Plaintiff received more than four (4) calls in a single day.

19.     Plaintiff has never been able to speak to a live representative from Defendant's company.

20.     Rather, each time Plaintiff picked up the phone, he was met with Defendant's computer recording on the other end.

21.     These computer recordings asked Plaintiff to input a control number, which Plaintiff did not and does not have.

22.     Defendant's recordings also requested Plaintiff enter his checking account number.

23.     Further, Defendant did not inform Plaintiff within five (5) days of its initial contact with him how he could dispute the debt, how he could obtain verification of the debt, or that unless he disputed the debt within thirty (30) days, the debt would be assumed to be valid.

24.     In fact, Defendant never sent anything in writing to Plaintiff at all regarding the alleged debt Plaintiff owed.

PLAINTIFF'S COMPLAINT

25.     As such, Plaintiff had no way to learn about the alleged debt, dispute any alleged debt, or demand that the collectors cease contacting him.

26.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to him by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

27.     Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

28.     Upon information and belief, throughout July of 2012, Defendant contacted Plaintiff on several occasions using a pre-recorded or computer-generated voice and/or automatic telephone dialing system.

29.     Defendant's actions as described herein were made with the intent to harass and abuse Plaintiff.

30.     Additionally, Defendant's conduct invaded Plaintiff's privacy.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

32.     Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it did not give Plaintiff the opportunity to speak with a live person, when it repeatedly left computer-generated voice messages for Plaintiff and when it engaged in other harassing or abusive conduct.

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

33.      Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

34.      Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

35.      Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

36.      Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it did not give Plaintiff the opportunity to speak with a live person, when it repeatedly left computer-generated voice messages for Plaintiff, when it failed to provide Plaintiff with any information about the underlying alleged debt, when it failed to send Plaintiff written verification of the debt as well as Plaintiff's rights to dispute the debt under the FDCPA, and when it engaged in other unfair or unconscionable means to attempt to collect the alleged debt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**COUNT IV**
**DEFENDANT VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

37.     Section 1692g(a) of the FDCPA states that within five (5) days after the initial communication with a  consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

38.     Defendant violated § 1692g(a) of the FDCPA when it failed to provide Plaintiff with written notification of his rights to dispute the debt or to demand verification thereof within five (5) days of its first communication with Plaintiff.

**COUNT V**
**DEFENDANT VIOLATED § 14-202 OF THE**
**MARYLAND CONSUMER DEBT COLLECTION ACT**

39.     Section 14-202 of the Maryland Consumer Debt Collection Act prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

40.     Defendant violated § 14-202 of the Maryland Consumer Debt Collection Act when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it did not give Plaintiff the opportunity to speak with a live person, when it repeatedly left computer-generated voice messages for Plaintiff, when it failed to provide Plaintiff with any information about the underlying alleged debt, when it failed to send Plaintiff written verification of the debt as well as Plaintiff's rights to dispute the debt under the FDCPA, and when it

- 6 -

engaged in other unfair or unconscionable means to attempt to collect the alleged debt.

## COUNT VI
## DEFENDANT INVADED PLAINTIFF'S PRIVACY BY
## INTRUSION UPON SECLUSION

41.      Maryland recognizes a tort for Invasion of Privacy by Intrusion Upon Seclusion.

42.      In Maryland the elements of the tort are: 1) an intentional intrusion; 2) upon another person's solitude, seclusion, private affairs, or concerns; 2) in a manner that would be highly offensive to a reasonable person.  Trundle v. Homeside Lending, Inc., 162 F.Supp.2d 396, 401 (D. MD. 2001).

43.      Defendant intentionally intruded upon the seclusion of Plaintiff when its agents and/or employees called multiple times per day on his home telephone and left continuous voice messages on his telephone.

44.      These actions were highly offensive to Plaintiff, as it would be any reasonable person.

45.      These acts were committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.

## COUNT VII
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

46.      Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

47.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

48.     Upon information and belief, despite the fact that Plaintiff never consented to Defendant making calls to him, Defendant repeatedly placed non-emergency calls to Plaintiff's home telephone without Plaintiff's consent.

49.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

50.     Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff using a pre-recorded or artificial voice.

51.     Upon information and belief, Defendant contacted Plaintiff on his home telephone several times.

52.     Defendant did not have Plaintiff's express consent prior to contacting him on his home telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

53.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice.


WHEREFORE, Plaintiff, DANIEL BAIDEN, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1), MD Code § 14-203, and Maryland common law;

PLAINTIFF'S COMPLAINT

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B);

d.  Punitive damages for Defendant's invasion of Plaintiff's privacy;

e.  Reasonable attorney's fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

f.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANIEL BAIDEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: July 17, 2013

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Kimmel & Silverman, P.C
Bar ID No. 29950
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff

- 9 -